IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW AND RACHEL BLOOM, and )
CASEY AND SHARON BLOOM, )
)
   Plaintiffs, )
)
v. )
)
NEXTERA ENERGY INC. of Florida, NEXTERA )
ENERGY CAPITAL HOLDINGS, INC. of Florida, )
and the following Delaware organizations: )
NEXTERA ENERGY RESOURCES LLC )
(hereinafter "NEER"), NEXTERA ENERGY )
CONSTRUCTORS LLC, NEXTERA ENERGY )
OPERATING SERVICES LLC, NEXTERA )
ENERGY PROJECT MANAGEMENT LLC, )
SOLDIER CREEK WIND LLC, and JANE DOE )
NEXTERA SUBSIDIARIES 1-5, )
)
   Defendants. )

**CIVIL ACTION**
**CASE NO. 5:21-cv-4058**
JURY DEMAND: TOPEKA, KANSAS

## COMPLAINT

   Plaintiffs Matthew and Rachel Bloom, husband and wife, and Casey and Sharon Bloom, husband and wife, hereby bring this claim against Defendants NEXTERA ENERGY, INC., NEXTERA ENERGY CAPITAL HOLDINGS, INC., and the above-named NEXTERA ENERGY subsidiaries and allege the following upon personal knowledge, information and belief.

### JURISDICTION, VENUE, AND PARTIES

   1.  Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. § 1332 *et al.*, based on complete diversity of citizenship between Plaintiffs and Defendants and the predominant issues pertaining to real property in this jurisdiction.

   2.  Plaintiffs are all citizens of the State of Kansas and own property in Nemaha

County, Kansas adjacent to parcels on which Defendants have constructed large industrial wind turbine towers that blanket the southern half of Nemaha County, Kansas.  In the case of Plaintiffs Casey and Sharon Bloom, they reside at a residence on the property situated adjacent, and in close proximity, to Defendants' industrial wind turbines.

3.     All Defendants have their principal place of business at the same NextEra corporate headquarters campus at 700 Universe Boulevard, Juno Beach, Florida 33408.

4.     Defendant NextEra Energy, Inc., is a for-profit corporation incorporated under the laws of Florida and having its principal place of business in the state of Florida. Defendant is engaged in power generating activities on a worldwide basis, to include other locations within the United States and Kansas. They are the world's largest wind power generating corporation.

5.     Defendant NextEra Energy Capital Holdings, Inc. is a for-profit corporation incorporated under the laws of Florida having its principal place of business in Florida.

6.     The remaining Defendants, NextEra Energy Resources LLC (hereinafter "NEER"), NextEra Energy Constructors LLC, NextEra Energy Operating Services LLC, NextEra Energy Project Management LLC, Soldier Creek Wind LLC and other unnamed subsidiaries, are organized under the laws of Delaware and are substantially controlled by and share key executive officers, decision-making processes and personnel, the same corporate headquarters facilities and combined operations, work apportioning processes, and the same address with the two parent corporations: Defendant NextEra Energy, Inc. and NextEra Energy Capital Holdings.

7.     The array of Defendant subsidiaries and affiliates form the same joint venture and common enterprise related to Plaintiffs' claims.

2

8.    Defendant LLCs do not have members sharing the same citizenship as any Plaintiffs.

### COUNT I  -- NUISANCE AGAINST MATTHEW AND RACHEL BLOOM

9.    Plaintiffs Matthew and Rachel Bloom re-allege and incorporate by reference all paragraphs of this Complaint as if set forth herein in their entirety and allege as follows upon information and belief:

10.    Plaintiffs seeks damages in excess of $75,000.00 for the substantial and unreasonable interference upon their land and the ongoing nuisance created by NextEra Defendants[1] construction and operation of colossal 495-foot industrial wind turbine towers with over 400 foot rotating arms in close proximity to Plaintiffs' property line.  Defendants deceptively represented that they would observe a minimum 600-foot set back between their towers and non-participating landowner property lines, and a minimum 3000-foot set back from dwellings, when developing the Soldier Creek Wind Project (also referenced herein as "the Project") that has now blanketed the southern half of Nemaha County, Kansas with over 130 such industrial wind towers.  NextEra Defendants also made materially false representations regarding these minimum set backs and non-compliant set back circumstances that were relied upon by Nemaha County Board of Supervisors and/or their staff, agents, or proxies (hereinafter "the Board") related to the binding agreement of July 30, 2019.[2]  The Nemaha County Board of Supervisors clearly understood in signing that binding agreement that all set backs in that agreement would be observed and relied on NextEra Defendants' representations that the set

---

[1] Plaintiffs include all named Defendants under the joint enterprise referenced collectively as "NextEra Defendants" or "Defendants."
[2] See heading Soldier Creek Wind Farm, "Term Sheet" paragraph 2(a) at http://ks-nemaha.manatron.com.

3

backs would, without exception, be observed or that all set back non-compliance situations were identified, reported to the Board, and fully resolved prior to signing the July 30, 2019 Agreement and prior to the commencement of construction on the Project.  Defendants misrepresented material facts concerning the number, nature, and status of potential non-compliant set back situations to the Board.

11.     The Nemaha County Board of Supervisors publicly touted and pointed to the generous set back concessions they obtained from NextEra Defendants in that same July 30, 2019 agreement evidencing their understanding that NextEra Defendants were required to, and would be, observing a minimum 600-foot set back from all non-participating landowner property lines.

12.     Although the previous owner of Plaintiffs' property had entered into a participation agreement for the Project approximately seven years prior to construction of any wind turbine towers so close to Plaintiffs' property line, all such participation agreements had clearly expired prior to Defendants construction of any wind turbine towers.

13.     No land use contract or agreement exists between Defendants and Plaintiffs nor did one exist when Defendants built the massive wind turbine towers in close proximity to Plaintiffs' property line.  Plaintiffs are "non-participating landowners" related to the Project. NextEra's massive 495-foot wind turbine towers were erected and are operating without adequate or lawful set back from Plaintiffs' property line creating a substantial and unreasonable interference upon their land, and an ongoing nuisance.

**COUNT II--PER SE NUISANCE AGAINST MATTHEW AND RACHEL BLOOM**

14.     Plaintiffs Matthew and Rachel Bloom re-allege and incorporate by reference all

4

paragraphs of this Complaint as if set forth herein in their entirety and allege as follows upon information and belief:

15.     Plaintiffs seeks damages in excess of $75,000.00 for the substantial and unreasonable interference upon their real property and the ongoing nuisance created when NextEra Defendants erected one or more industrial wind turbine towers in violation of agreed upon minimum set back, and other, municipal ordinances and requirements as set forth in the July 30, 2019 agreement with the Board as well as other laws, regulation, ordinances, and policies.

**COUNT III – NEGLIGENCE RELATED TO PROPERTY LINE**

16.     Plaintiffs Matthew and Rachel Bloom re-allege and incorporate by reference all paragraphs of this Complaint as if set forth herein in their entirety and allege as follows upon information and belief:

17.     NextEra Defendants knew there was no land use agreement between Plaintiffs and Defendants well before they built the huge wind tower turbine structure close to Plaintiffs' property line.  Defendants' conduct in proceeding to build the tower so close to Plaintiffs' property line knowing that they had no land use contract or agreement with Plaintiffs were in contravention of their duty to avoid such harm and interference with non-participating landowners land use rights and quiet rights of enjoyment of land and were willful and wanton in nature causing harm to Plaintiffs.

18.     Defendants went forward with the construction after knowing full well that no land use participation agreement existed with Plaintiffs and in retaliation for Plaintiffs having rejected and repudiated an extension of the expired land use agreement pertaining to their real

property or in retaliation for their opposition to the Project.

## COUNT IV -- NUISANCE AGAINST CASEY AND SHARON BLOOM

19.     Plaintiffs Casey and Sharon Bloom re-allege and incorporate by reference all paragraphs of this Complaint as if set forth herein in their entirety and allege as follows upon information and belief:

20.     Plaintiffs seeks damages in excess of $75,000.00 for the substantial and unreasonable interference upon their land and/or residence and the ongoing nuisance created by NextEra Defendants construction and operation of colossal 495-foot industrial wind turbine towers with over 400 foot rotating arms in close proximity to Plaintiffs' residence.  Defendants deceptively represented that they would observe a minimum 600-foot set back between their towers and non-participating landowner property lines, and a minimum 3000-foot set back from dwellings, when developing the Soldier Creek Wind Project that has now blanketed the southern half of Nemaha County, Kansas with over 130 such industrial wind towers.  NextEra Defendants also made materially false representations regarding these minimum set backs and non-compliant set back circumstances that were relied upon by the Board related to the binding agreement of July 30, 2019. The Board clearly understood in signing that binding agreement that all set backs in that agreement would be observed and relied on Defendants' representations that the set backs would, without exception, be observed or that all set back non-compliance situations were identified, reported to the Board, and fully resolved prior to signing the July 30, 2019 Agreement and prior to commencement of construction on the Project.  Defendants misrepresented material facts concerning the number, nature, and status of potential non-compliant set back situations to

the Board.

21.     The Board publicly touted and pointed to the generous set back concessions they obtained from NextEra Defendants in that same July 30, 2019 agreement evidencing their understanding that NextEra Defendants were required to, and would be, observing a minimum 3000-foot set back from all dwelling structures.

22.     Although the previous owner of Plaintiffs' property had entered into a participation agreement for the Project approximately seven years prior to construction of any wind turbine towers so close to Plaintiffs' dwelling, all such participation agreements related to Plaintiffs' property had clearly expired prior to Defendants construction of any wind turbine towers.

23.     No land use contract or agreement exists between Defendants and Plaintiffs nor did one exist when Defendants built the massive wind turbine towers in close proximity to Plaintiffs' residence.  Plaintiffs are "non-participating landowners" related to the Project. NextEra's massive 495-foot wind turbine towers were erected and are operating without adequate or lawful set back from Plaintiffs' residence and property line creating a substantial and unreasonable interference upon their land, and an ongoing nuisance.

### COUNT V -- PER SE NUISANCE AGAINST CASEY AND SHARON BLOOM

24.     Plaintiffs Casey and Sharon Bloom re-allege and incorporate by reference all paragraphs of this Complaint as if set forth herein in their entirety and allege as follows upon information and belief:

25.     Plaintiffs seeks damages in excess of $75,000.00 for the substantial and unreasonable interference upon their real property and ongoing nuisance created when NextEra

Defendants erected one or more industrial wind turbine towers in violation of agreed upon minimum set back, and other, municipal ordinances and requirements as set forth in the July 30, 2019 agreement with the Board as well as other laws, regulation, ordinances, and policies.

## COUNT VI  -- NEGLIGENCE RELATED TO DWELLING

26.     Plaintiffs Casey and Sharon Bloom re-allege and incorporate by reference all paragraphs of this Complaint as if set forth herein in their entirety and allege as follows upon information and belief:

27.     Defendants went forward with the construction of one or more huge industrial wind turbine towers too close to a dwelling place on Plaintiffs' property – well within the 3000 foot minimum set back they publicly promised to observe with non-participating landowners -- after knowing full well that any land use participation agreement related to the Project had expired related to Plaintiffs' property and in retaliation for Plaintiffs having rejected and repudiated an extension of that agreement or in retaliation for Plaintiffs' opposition to the Project.  Defendants' conduct in proceeding to build the tower so close to Plaintiffs' dwelling was in contravention of their duty to avoid such harm and interference with non-participating landowners land use rights and quiet rights of enjoyment of land and were willful and wanton in nature causing harm to Plaintiffs.

## COUNTS VII (a-x) VIOLATIONS OF
## KANSAS CONSUMER PROTECTION ACT

28.     Plaintiffs re-allege and incorporate by reference all paragraphs of this Complaint as if set forth herein in their entirety and allege as follows upon information and belief:

29.     Defendants engaged in deceptive and unconscionable acts and practices related to the development, construction, and operation of the Project, each of which constitute separate and distinct violations of the Kansas Consumer Protection Act, K.S.A. 50-600 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A.     Damages in excess of $75,000.00 for Plaintiffs individually, punitive damages, Plaintiffs' costs and reasonable attorneys' fees and all other relief available in law and that this Court deems appropriate; Jury demand is hereby made in Topeka, Kansas.

Dated: August 27, 2021                              Respectfully submitted,

                                                           s/James Renne

*James Renne, Esq.  (KS Bar No. 18078)*
*4201 Wilson Blvd., Suite 110521*
*Arlington, VA 22203*
*(703) 869-0418*
*Counsel for Plaintiffs*