IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW BLOOM, *et al.*,

    Plaintiffs,

    v.

SOLDIER CREEK WIND LLC,

    Defendant.

Case No. 21-4058-HLT-ADM

## MEMORANDUM AND ORDER

Plaintiffs Matthew and Rachel Bloom and Casey and Sharon Bloom (collectively, "plaintiffs") filed this action on August 31, 2021, arising out of the construction of industrial wind turbines in Nemaha County, Kansas that plaintiffs allege were erected too close to their property lines. Plaintiffs' original complaint alleged claims of nuisance, negligence, and violations of the Kansas Consumer Protection Act against various corporate entities affiliated with NextEra Energy Resources that were involved in the construction of the Soldier Creek wind project in Nemaha County. (ECF 1.) Plaintiffs amended their complaint in November 2021 to allege only intentional private nuisance and negligent private nuisance claims. (ECF 25.) In January 2022, plaintiffs amended their complaint a second time to add an inverse condemnation claim to their nuisance claims. (ECF 40.)[1]

On July 25, 2022, the district judge dismissed plaintiffs' claims against all but one of the NextEra defendants for failure to state a claim upon which relief can be granted because plaintiffs'

---

[1] Plaintiffs filed a corrected Second Amended Complaint in April 2022 to correct two instances where the names of plaintiffs were mistakenly transposed. (ECF 58-60.)

complaint did not allege that any of them are the owners or operators of the Soldier Creek wind project in Nemaha County. (ECF 63.) The district court noted that "it is undisputed" that only defendant Soldier Creek Wind LLC ("Soldier Creek") is the actual owner and operator of the wind-turbine project in Nemaha County (*id*. at 12), and plaintiffs had not shown how the other NextEra defendants could be liable under an alter ego theory, why piercing the corporate veil was necessary, or that defendants were liable under joint and several liability, joint venture or common enterprise, or direct liability. (*Id*. at 12-17.) The court also dismissed plaintiffs Casey and Sharon Bloom because the complaint contained no allegation specific to them or their farm or how the wind turbines interfered with their use of their farm. (*Id*. at 19.) In addition, the court dismissed plaintiffs' claim for inverse condemnation. (*Id*. at 20-23.)

Within a month of this dismissal order, plaintiffs filed a motion to amend their complaint seeking to re-add private nuisance claims against two of the dismissed NextEra defendants, NextEra Energy Resources, LLC ("NEER") and NextEra Energy Project Management LLC ("NEPM") and to re-join Casey and Sharon Bloom as plaintiffs. (ECF 67.) Plaintiffs contended their amendment rectified the pleading deficiencies identified in the court's July 25 order. (*Id*.) On November 8, the court denied plaintiffs' motion to re-add private nuisance claims against NEER and NEPM on grounds of futility and undue delay, but denied the motion without prejudice to the extent that it sought to re-join Casey and Sharon Bloom as plaintiffs. (ECF 75.) About two weeks later, plaintiffs filed an unopposed motion to amend their complaint to comply with the instructions in the court's order. (ECF 76.) The court granted the motion, and plaintiffs filed their third amended complaint on December 2, 2022. (ECF 77-78.)

On December 12, the court held a scheduling conference and issued a scheduling order. (ECF 80-81.) The scheduling order set a deadline of February 2, 2023, to file any motions to

amend the pleadings. (ECF 81, at 2, 6.) Plaintiffs did not file any other motion to amend their pleading before this deadline.

Five months after the deadline, plaintiffs filed the current motion to amend on July 3, once again seeking to re-add nuisance claims against NEER and NEPM. (ECF 112.) For the same reasons stated in the court's order denying plaintiffs' prior motion to amend (ECF 75), and for the reasons discussed herein, the court denies plaintiffs' current motion to amend based on untimeliness and futility.

**I.     ANALYSIS**

Where, as here, the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P 15(a). *Seale v. Peacock*, 32 F.4th 1011, 1030 (10th Cir. 2022); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *Gorsuch*, 771 F.3d at 1240.

**A.     Plaintiffs Have Not Shown Good Cause Under Rule 16.**

"Rule 16(b)(4) is arguably more stringent than Rule 15." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018). It provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Seale*, 32 F.4th at 1030. Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed."

*Id.* If a moving party fails to demonstrate good cause, the court may deny the motion on this basis alone. *See Gorsuch*, 771 F.3d at 1242 (declining to consider Rule 15(a) when there was not good cause under Rule 16(b)); *see also Husky Ventures*, 911 F.3d at 1019 (affirming district court's denial of a motion to amend for lack of good cause).

Although plaintiffs acknowledge that "[t]his motion is being filed after the date in the Scheduling Order for amending" (ECF 112, at 2 n.2), they do not explicitly address Rule 16 or explain their delay in moving to amend. The court denied plaintiffs' prior motion to amend their complaint to add NEER and NEPM on November 8, 2022. (ECF 75.) Discovery opened no later than November 21. (*See* ECF 74 (setting November 21 deadline for Rule 26(f) conference).) The prior order denying plaintiffs' motion to amend put them on notice of the shortcomings in their pleadings with respect to their claims against NEER and NEPM. Plaintiffs had over two months to conduct discovery prior to the February 2 amendment deadline to shore up their case against those two entities. Yet plaintiffs waited until July 2023 to file this motion to amend. Plaintiffs suggest that "new evidence" excuses their untimeliness and that "the definitive nature of the new evidence is compelling and should be allowed adjudication on the merits." (ECF 112, at 2 n.2.) Plaintiffs are referencing statements made by a NEER project manager during a Jackson County, Kansas commissioners' meeting in April 2023. (ECF 112-8.) Still, plaintiffs fail to explain why they waited two and a half months after this "new evidence" came to light to bring his motion to amend. Therefore, plaintiffs have not demonstrated diligent efforts in moving to amend by the amendment deadline or diligent efforts in moving to amend once they discovered this new evidence.

4

### B.      Plaintiffs Also Do Not Meet the Rule 15(a) Standards for Leave to Amend.

The court also denies plaintiffs' motion for leave to amend under Rule 15(a) standards. When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A court may only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, plaintiffs' motion fails under Rule 15(a) because they unduly delayed in moving to amend and because their amendment is futile. The undue delay analysis begins by examining the reasons for delay. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)). As discussed above, plaintiffs have no adequate explanation for their delay in seeking amendment. *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (denial of leave to amend is appropriate where the party seeking amendment "has no adequate explanation for the delay"). Thus, for essentially the same reasons discussed above with respect to the Rule 16 good-cause standard, the court denies plaintiffs' motion based on undue delay.

Plaintiffs' proposed amended pleading is also futile. "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in

the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). However, the court disregards conclusory statements and looks only "to whether the remaining factual allegations plausibly suggest the defendant is liable." *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022). Here, plaintiffs' amended pleading still does not plead facts plausibly suggesting that NEER and NEPM are the owners or operators of the wind turbines about which they complain, nor have they pleaded facts showing a basis for joint and several liability, a joint venture or common enterprise, or direct liability for plaintiffs' nuisance claim.

In arguing their amendment is not futile, plaintiff points to a NEER project manager's testimony at a county commissioners' meeting in a different Kansas county concerning a different potential wind project. (ECF 112-8.) Plaintiffs contend that this testimony shows that NEER owns and operates the Soldier Creek wind project. But the project manager's testimony, which plaintiffs assert is "new evidence" that supports their proposed new claims, does not directly address the Soldier Creek wind project in Nemaha County. (*Id.*) Nor does it raise any reasonable inference that an entity other than Soldier Creek owns and operates the wind farm at issue in this case.

Plaintiffs also assert that this new evidence led NEER and NEPM to withdraw arguments concerning the court's personal jurisdiction over them at the motion to dismiss stage in a companion case (*Stallbaumer v. NextEra Energy Resources, LLC et al.,* Case No. 22-4031). However, that withdrawal was not an admission that NEER and NEPM are the owners and operators of the wind farm. To the contrary, NEER and NEPM specifically stated that "[i]n withdrawing their personal jurisdiction arguments, NEER and NEPM do not withdraw or waive and continue to maintain their arguments that Plaintiff's claims against them should be dismissed under Rule 12(b)(6)" because they are not the owner or operator of the project. (*Stallbaumer*, Case

No. 22-4031, ECF 39, at 2.)  The district judge agreed and recently dismissed all claims against NEER and NEPM under Rule 12(b)(6), observing that "whether NEER or NEPM have sufficient minimum contacts with Kansas to establish personal jurisdiction is a separate question from whether Plaintiff can sustain a nuisance claim against an entity based on an alleged nuisance that is neither owned nor operated by that entity." (*Stallbaumer*, Case No. 22-4031, ECF 40, at 9-10, 5/17/2023.)  So the district judge was aware of this "new evidence" and still dismissed all claims against NEER and NEPM in the *Stallbaumer* case.

Here, plaintiffs have simply repeated their prior arguments from this case and the companion cases for why they should be allowed to assert claims against NEER and NEPM.  But the only remaining claims in the case are nuisance claims.  Thus, only the owner and operator of the nuisance can be held liable for the damages resulting from the nuisance.  Nowhere does the proposed fourth amended complaint allege or provide facts from which it could reasonably be inferred that NEER or NEPM currently own or operate the wind farm project so as to impose nuisance liability on them.  Nor do the facts alleged in the proposed fourth amended complaint plausibly show the existence of a joint venture or joint enterprise, such that they could be liable under theories of alter ego, joint and several liability, and/or joint venture or common enterprise.  For the same reasons their prior motion to amend was denied, and for the same reasons the court dismissed the claims against NEER and NEPM in this case and the companion cases, the court finds that plaintiffs' proposed fourth amended complaint does not assert plausible nuisance claims against NEER and NEPM.  Therefore, plaintiffs' proposed amendment is futile and their motion to amend is denied on this basis as well.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Leave to Amend Complaint (ECF 112) is denied.

**IT IS SO ORDERED.**

Dated July 31, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

8